[Civ. No. 22401.   Second Dist., Div. Two.   May 13, 1957.]

JOSEPHINE W. BELTZ, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; DANIEL BELTZ, as Executor, etc., Real Party in Interest.

Arthur N. Hews for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

Thomas LeSage for Real Party in Interest.

THE COURT.—Petitioner seeks a writ of prohibition to restrain the respondent court from dismissing her contest of a will after probate *In the Matter of the Estate of Stanley A. Beltz, Deceased,* being Number Bur. P 1282. No return to

our alternative writ has been made but it appears from the petition that the proponents of the will in the above-entitled matter answered petitioner's contest and set up as an affrmative defense thereto an interlocutory judgment of divorce wherein the petitioner had waived all of her rights of inheritance to the estate of the decedent. It further appears that the petitioner herein has filed in the respondent court a civil action entitled *Josephine W. Beltz* v. *Daniel Beltz, Individually and as Executor of the Estate of Stanley A. Beltz et al.*, being Number 665595, to set aside the property settlement agreement incorporated in the interlocutory judgment of divorce above referred to and that this property settlement agreement is the basis of the affirmative defense in the will contest. It further appears that the respondent court has threatened, unless restrained, to dismiss the will contest by reason of the pendency of the civil action. It was made to appear at the hearing of this matter that the civil action is set for trial at an early date and that an adjudication therein will be determinative of the petitioner's right in the will contest proceedings, and that the personal representative of the estate does not object to deferring a hearing in the will contest until a determination of the civil action.     We can find no authority justifying the threatened dismissal of the will contest by reason of the pendency of the civil action, and it is ordered that a peremptory writ of prohibition issue restraining the respondent court from dismissing the aforesaid will contest after probate solely on the ground of the pendency of the aforesaid civil action.